JOHN MANN *v.* GOETLIBB LOUFFER ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—348.]

**Fraudulent Conveyance of Real Estate.**

  Where real estate purchased is conveyed to the wife and no objection or claim to title is made by the husband for thirteen years thereafter it is too late for him to assert such a claim and to charge his wife with fraudulently procuring the conveyance to be made to her instead of to both of them, especially when he waits until after he and his wife are separated and she is locked up in a lunatic asylum and unable by reason of a crazed mind to make any defense.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 12, 1882.

OPINION BY JUDGE PRYOR:

The facts of this record give no satisfactory explanation for

the failure on the part of the appellant to assert title to the property in controversy until after his wife became a lunatic. The conveyance was made to the wife and entered on record near thirteen years prior to the institution of the present action in which the appellant is claiming that his wife practiced a fraud upon him, in having the deed executed to herself when it should have been made to both husband and wife. Their marital relations had been anything but pleasant for many years, so much so as to result in a separation, the appellant living in the one house and the wife in the other. They had no business transactions and seemed to have lost all affection for each other, and while this condition of affairs continued it is a little singular that the appellant failed to discover the condition of his title or to assert a claim to what must have been the bulk of his estate if he was in fact the owner. But he failed to make any discovery of the alleged wrong until the wife became wrecked in mind, and then for the first time discovers that his wife is, by reason of the conveyance made by the vendor, Crack, the sole owner of the house and lot. That the wife had more business capacity than the appellant is conceded, and in conducting the business of marketing she no doubt, from the proof before us, accumulated more of the estate than the husband, and whether she did or did not it is too late after the lapse of thirteen years for the husband to assert such a claim against the wife, and more particularly when his wife is locked up in a lunatic asylum and unable, by reason of a crazed mind, to make any defense. It is also apparent from the proof that the appellee, Louffer, entered into the possession of the house by the consent of the appellants and has paid as much rent as the property is worth. While we do not say that the possession can not be recovered by the husband (his wife still living) upon proper notice to the tenant in possession, we do adjudge that this equitable action can not be maintained, the proof showing an entry by consent of the appellant and no notice to leave, but a judgment asked for possession as a mere incident to the prayer for cancelling the conveyance. We perceive no error in the judgment for costs.

Judgment *affirmed.*

*James Harrison, for appellant.*